IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CARRIE BACHRACH; ET AL., | ) | Civil No. 10-00315-REJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COVENANT TRANSPORTATION | ) | |
| INCORPORATED, named as Covenant | ) | |
| Transport, Inc., a Tennessee corporation; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Kenneth H. Levinson
JOSEPH LICHTENSTEIN & LEVINSON
221 N. LaSalle Street, Suite 2119
Chicago, IL  60601

Kevin Koelbel
LAW OFFICES OF KEVIN KOELBEL PC
7303 W. Boston Street
Chandler, AZ  85226

Michael J. Leizerman
EJ LEIZERMAN & ASSOCIATES LLC
717 Madison Avenue
Toledo, OH  43604

  Attorneys for Plaintiffs

Timothy J. Casey

SCHMITT SCHNECK SMYTH & HERROD PC
1221 E. Osborn Road, Suite 105
Phoenix, AZ  85014-5540

Attorney for Defendants

JONES, Judge:

This action arises out of a motor vehicle accident in which plaintiffs' son, Matthew Bachrach, died.  The action is now before the court on defendants' motion for partial summary judgment (# 43).  The parties are familiar with the standards pertaining to summary judgment, thus I will not repeat those standards here.  For the reasons stated below, the motion is granted in part and denied in part.

Described in the most basic terms, the accident occurred as follows.  Defendant Alfred Simister was driving a tractor trailer owned by his employer, defendant Covenant Transport, Inc. ("Covenant"), when he lost control of the tractor trailer, which overturned and blocked an expressway.  The third defendant, Donovan McFarlane, was asleep in the back of the cab when the accident occurred. Three vehicles drove into the Covenant rig.  Plaintiffs' son, who was driving one of the three vehicles, died at the scene, as did a passenger in another vehicle.

Plaintiffs brought this action for the wrongful death of their deceased against Covenant, Simister, and McFarlane, seeking damages for negligence and negligence *per se*, as well as punitive damages under Arizona law.  Defendants do not dispute that there are material facts on the issue of negligence, but seek dismissal of McFarlane on all claims, the negligence *per se* claims, a direct negligence claim against Covenant, and the punitive damages claims.

Plaintiffs concede that McFarlane should be dismissed as a defendant, and that the negligence *per se* claim should be dismissed as against Covenant.  The primary issue before the

2 - OPINION AND ORDER

court is whether Simister's actions were so egregious as to permit submission to the jury of plaintiffs's claim for punitive damages against Simister and Covenant.

Plaintiffs assert that Simister fell asleep and lost control of the tractor trailer, whereas the defense claims that another vehicle cut off defendants' rig, causing the driver to lose control. There is, however, evidence of record from which a reasonable fact finder could conclude that Simister, while acting within the course of his employment with Covenant, was negligent. For example, the investigating officers have expressed observations that the physical evidence discounts any theory that the tractor trailer was cut off by another vehicle.

However, the standard required to justify an award of punitive damages under Arizona law, as articulated in Quintero v. Rodgers, 221 Ariz. 536, 212 P.3d 874 (2009), is quite stringent, albeit rather unusual. As explained in Quintero, in Arizona a plaintiff seeking an award of punitive damages must prove by clear and convincing evidence that the tortfeasor's "evil hand was guided by an evil mind." 212 P.3d at 879. A tortfeasor manifests an "evil mind" if he or she either "'intended to injure the plaintiff' or 'consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.'" Id. (quoting Gurule v. Illinois Mut. Life and Cas. co., 152 Ariz. 600, 734 P.2d 85, 87 (1987)). Further, the plaintiff must establish "intent or conscious pursuit with 'clear and convincing evidence' that the tortfeasor's conduct 'was motivated by spite, actual malice, or intent to defraud' or by a 'conscious and deliberate disregard of the interests and rights of others.'" Id. (quoting Gurule, 734 P.2d at 87-88 n.3); see also Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 723 P.2d 675, 679 (1986) ("it is the 'evil mind' that distinguishes action justifying the imposition of punitive damages." (citation omitted)).

To justify their claim for punitive damages against Simister and Covenant, plaintiffs assert that Simister fell asleep at the wheel, drove in excess of his permitted hours of service, and had a poor driving record.  That record included speeding tickets in 2002, 2006, and 2007, and having been twice denied a commercial driver's license until 2008.   Plaintiffs refer to evidence of previous "crashes" -- an overworked cliche for simple collisions --, in this case, following too close and rear-ending another vehicle, and bumping into a parked truck in a truck stop parking lot.  Plaintiffs also point to evidence that on the day of the collision, Simister falsified his log entries and violated the Department of Transportation 11 hour rule by driving some 13 hours.  If proven, those alleged circumstances make a strong case for negligence, both directly against Simister and through the doctrine of respondent superior against Covenant, and potentially would render both Simister and Covenant liable for damages for wrongful death.

Nonetheless, even if proven at trial, plaintiffs' evidence does not approach "clear and convincing evidence" of an "evil mind," as interpreted by and applied under Arizona law.  Because I find that no reasonable jury could find the requisite level of proof, defendants' motion for partial summary judgment on plaintiffs' claims for punitive damages is granted.[1]

With respect to two other portions of defendants' motion, to dismiss plaintiffs' claim of negligence *per se* against Simister (Second Cause of Action) and to dismiss plaintiffs' direct negligence claim against Covenant (Fifth Cause of Action), the evidence and arguments

---

[1]   Other courts have held that facts similar to this case do not justify an award of punitive damages.  See, e.g., Burke v. Maassen, 904 F.2d 178, 183 (3rd Cir. 1990); Sipler v. Trans Am Trucking, Inc., 2010 WL 4929393 at *4 (D. N.J. Nov. 10, 2010); Turner v. Werner Enterprises, Inc., 442 F.Supp.2d 384, 386-87 (ED. Ky 2006); Compare Briner v. Hyslop, 337 N.W.2d 858 (Iowa 1983), which demonstrates that extreme facts, such as being awake for 30 hours while drinking scotch accompanied by falling asleep, can justify punitive damages.

presented do not permit a ruling as a matter of law.  Therefore, those portions of defendants' motion are denied.

## CONCLUSION

Defendants' Motion (# 43) for Partial Summary Judgment is granted with respect to plaintiffs' claims for punitive damages and denied as to plaintiff's Second and Fifth Causes of Action.  Plaintiffs' claims against defendant McFarlane and plaintiffs' Sixth Cause of Action against defendant Covenant are dismissed with prejudice.

DATED this 31st day of March, 2011.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER